### HEIDENHEIMER BROS. v. CHRISTIAN BAUMGARTEN.
#### No. 725.

1. **Mutual Accounts—Agreement for Settlement—Case in Judgment.**—H. and B., after having had dealings with each other for several years, and having passed tri-monthly statements of account, entered into a written agreement for settlement of all outstanding accounts between them, by which B. was to pay H. 50 per cent of the amount charged for the seasons of 1888 and 1889, and H. was to pay B. for 36,725 pounds of cake at $15.50 per ton, and 24½ cents per gallon for twelve cars of crude oil shipped to be refined, and B. was to pay half the loss on actual returns of sale of the refined oil, and costs and attorney fees in a certain law suit pending; and upon the correct balance due H. being determined, B. was to give H. his notes at four months for the amount. *Held*, The agreement for settlement is conclusive of all matters of account between the parties at its date, and all items of plaintiff's account not mentioned therein must be taken as not objected to, and the items mentioned must be corrected in the manner provided.

2. **Court Must Construe the Contract.**—The court below should not have left the construction of this instrument to the jury, but should have construed it for them, and directed them how the account should be stated. The failure of the plaintiff to present to the defendant a correct statement of the balance due under the agreement did not authorize defendant to repudiate it.

3. **Erroneous Charge.**—It was error to charge, that if the correct amount due the plaintiff by the defendant remained undetermined, and his account rendered was incorrect, that the terms of the agreement for settlement were defeated and ceased to be binding, and the accounts between the parties were to be determined by the jury, without reference to the terms of the agreement.

4. **Estoppel of Defendant by His Account Rendered.**—After the agreement was made, the plaintiff submitted a statement of account to the defendant, showing an indebtedness by the latter to him of $4933.70. Defendant returned a statement of the account to the plaintiff, in which he showed his indebtedness to be only $4444.99. He was not estopped by this statement of account from denying his liability for the balance shown to be due by his own statement, but was entitled to have the correct balance ascertained in accordance with the agreement, and it was not error to refuse to charge that defendant was so estopped.

5. **Judgment Non Obstante Veredicto.**—The verdict having been for the defendant, the answers of the jury to the several issues submitted to them are not sufficient to authorize a judgment in favor of the plaintiff; because the balance due him on a statement made in accordance with the contract is nowhere ascertained, and neither the pleadings nor the evidence justify a judgment in his favor for the amount admitted to be due by the defendant in his statement of account.

APPEAL from Fayette.   Tried below before Hon. H. TEICHMULLER.

*Moore & Duncan,* for appellant.—1. The court erred in refusing to charge the jury to find answers to the following questions: (1) Did Heidenheimer Bros. make out an account in accordance with the contract of August 25, 1890; and you will state in your finding how much Heidenheimer Bros. demanded in said account. (2) You will find and state in your finding whether Baumgarten received said account; and you shall state also how much Baumgarten at that time admitted in his account that he owed plaintiff in this cause.

2. The court erred in refusing to give the following charge: "If you believe from the evidence that defendant did render to plaintiff an account showing a balance of $4444.99 due plaintiff, then you will find this sum at least in favor of plaintiff, with 6 per cent interest from that time."

3. The court erred in giving the following charges: "(1) Do you find from the evidence that the written agreement in question was intended by the parties as a complete settlement of their accounts; that the items mentioned in said agreement were the only items in dispute, and that the correct balance due Heidenheimer was to be determined by closing these special items in dispute according to the terms of the agreement? (2) Do you find from the evidence that the account rendered Baumgarten by Heidenheimer before this suit and the one now sued on does determine the correct balance due Heidenheimer by Baumgarten, according to the terms of this agreement? (3) Do you find from the evidence that the plaintiff and defendant, when negotiating for the purpose of adjusting their differences by compromise, only had in contemplation the special items mentioned in the agreement, and that the correct balance remaining to be determined was to

be the result of a correct statement of the whole account between them? (4) Do you find from the evidence that the account rendered by Heidenheimer, and the one he now sues on, does determine the correct balance due by Baumgarten to Heidendeimer? If you answer question 3 affirmatively and question 4 negatively, you will ignore the compromise agreement, and settle by your verdict the true indebtedness between the parties."

4. The court erred in overruling the motion of plaintiff to enter judgment non obstante veredicto for the plaintiff for $4444.99, because this amount was admitted to be due in the account of defendant, and in his letters accompanying the same, dated the 7th day of December, 1890.

Other points were urged by counsel which are not alluded to in the opinion.

*Brown, Lane & Jackson,* for appellees.—1. The court below did not err in refusing to give the charges asked, because all parts of same which were applicable to the case were included in the main charge given by the court.

2. Nor in refusing to charge the jury to find for plaintiff upon Baumgarten's statement of account, which when made he believed to be correct, but subsequently discovered was incorrect.

3. The pleadings in this case form an issue as to what was the meaning of the contract and intent of the parties when making it. The language employed left the matter in doubt. The evidence on the subject was conflicting, and hence it was proper for the court to submit the issues of facts so joined to the jury, which was done by proper instructions, and no error was committed thereby.

4. The charges given were proper.

5. Plaintiff was not entitled to a verdict.

GARRETT, CHIEF JUSTICE.—This was an action brought in the District Court of Fayette County by Abraham Heidenheimer, composing the firm of Heidenheimer Bros., against Christian Baumgarten, upon a contract for the settlement of account for a balance alleged to be due upon a statement thereof in accordance with the contract. Defendant admitted the execution of the contract, but averred, that the statement of the account presented by the plaintiff and sued upon was wholly incorrect and false; that plaintiff had repudiated the contract by presenting and suing upon such false and incorrect account, and that the same was no longer binding on the parties. Defendant then pleaded in reconvention a statement of the account, which showed a balance in his favor, and prayed judgment therefor. In the charge to the jury, the court submitted to them the construction of the contract, as well as quite a number of issues to be found by them respecting the same, and the account and various items thereof; also, an instruction

to return a general finding as to indebtedness by either party to the other. Judgment was entered for the defendant, that the plaintiff take nothing, and that the defendant go hence, etc., upon favorable responses by the jury to the issues submitted, and a general verdict in his favor for the balance set up by him.

Prior to August 13, 1890, and during the time in which the account sued on accrued, the firm of Heidenheimer Bros. was composed of Sampson Heidenheimer. On that day he sold out his business, and with it the appellee's account, to his brother Abraham Heidenheimer, the appellant. During the business seasons of 1888–1889 and 1889–1890, and prior thereto, the appellee was the owner of an oil mill, and was engaged in the manufacture, at Schulenberg, Texas, of cotton seed products, and Sampson Heidenheimer was engaged in business in Galveston, Texas, under the firm name of Heidenheimer Bros., as a commission merchant, handling cotton seed products, furnishing supplies for the manufacture of the same, etc. For a long time prior to the date of the sale by Sampson Heidenheimer to the appellant, the former and Baumgarten had had dealings with each other as consignor of products and commission merchant, and on said date the account between them rendered to Baumgarten by Heidenheimer showed a large balance in favor of Heidenheimer. Statements of account had been sent to Baumgarten every three months, and accounts of sales appear to have been regularly rendered to him. When Abraham Heidenheimer bought the business, he requested the appellee to come to Galveston and make a settlement with him. The appellee had before that time objected to the account, and then went to Galveston for the purpose of adjusting the same, where, after a conference between them, they entered into the following agreement for settlement:

"It is hereby understood by and between Christian Baumgarten, of Schulenberg, and Heidenheimer Brothers, that the former, in settlement of his account with the latter, agrees to pay them 50 per cent of amount charged for season of 1888 and 1889, during the continuance of contract with Howard Oil Company. And the latter to pay to the former for 36,725 pounds of cake at $15.50 per ton of 2240 pounds, at mill; and the latter further agrees to pay to former $24\frac{1}{2}$ cents per gallon, New York weight, for twelve cars of crude oil shipped to New York previous to November 1, 1889, for the purpose of having same refined, the former, the said Baumgarten, agreeing to pay therefrom one-half the loss on actual returns for sale of refined oil, including refining, interest, storage, and all other charges incident thereto. And it is further understood and agreed, that Heidenheimer Bros., as agents of Christian Baumgarten, are to continue suit of said Baumgarten v. B. Adoue et al., now pending in the District Court of Galveston County, to final termination, either by compromise or judgment, and said Baumgarten agrees to pay all legal fees, costs, etc., in said suit; provided, however, that said Baumgarten will not be held

responsible for any offsets said B. Adoue et al. may have or claim to have against the Texas Standard Cotton Oil Company, or Heidenheimer Bros., unless said claims or offsets directly concern the business of Christian Baumgarten in his transactions with the Howard Oil Company under contract with him; and it is further understood and agreed, that said Christian Baumgarten, on the correct balance due Heidenheimer Bros. being determined, will give in settlement therefor his promissory note, due four months, with 8 per cent interest per annum, and Heidenheimer Bros. agrees to renew same, if called on to do so, for the term of eight months from maturity of first note, at above rate of interest.

"Dated at Galveston, this 25th day of August, 1890.

[Signed]    "CH. BAUMGARTEN.
"HEIDENHEIMER BROS.

Witness:    "F. P. KILLEN.
"M. LASKER."

After appellant received the return of sales for the twelve cars of oil mentioned in the agreement, and could ascertain the loss sustained in refining the same, he made out and sent to appellee, on November 25, 1890, a statement of the account, showing a balance claimed under the agreement of $4933.70. Appellee replied on December 7, and inclosed a statement by himself showing balance due by him of $4444.99, having objected to items in plaintiff's statement of interest, and to a credit in his favor for a car load of oil shipped for his account by one Buescher, which he claimed was not large enough. He contended, that this oil had been sold to Heidenheimer at a stipulated price, while the latter had treated it as a consignment, and sold the same at a much less price than he had agreed to pay. Appellant made a correction as to interest, refusing to allow the credit for the Buescher oil, as claimed, and brought suit for a balance of $4918.95.

It will not be necessary to pass on the many assignments of error in detail, and we shall only notice such questions that have been raised by them as may be of use upon another trial of the case, since the judgment of the court below must be reversed for errors to be indicated.

The petition does not set out the account between the parties at the time the settlement was had and the agreement entered into, nor does a statement thereof appear in the evidence; but it is alleged in the petition, that at the time plaintiff succeeded to the business of Heidenheimer Bros. the defendant was indebted to the firm in a large amount of money; and the evidence shows, that the balance then against Baumgarten upon the books of Heidenheimer Bros. was $7653.69, and it conclusively appears, that the matters now controverted by the defendant and not mentioned in the agreement were matters of account between the parties at the time the agreement was entered into. Tri-monthly statements had been made and accounts of sales had been rendered to Baumgarten, and he had also kept the ac-

count upon his own books and was able to furnish a statement thereof to the plaintiff in answer to the statement furnished by the latter to him after the agreement had been made, and after the items provided for therein had been ascertained. No attempt has been made to set aside the agreement for fraud. Hence it was conclusive as to all matters of account between the parties at the date thereof, and all the items of plaintiff's account not mentioned therein must be taken as not objected to, and the items mentioned must be corrected in the manner provided. It follows, then, that the court below should not have left the construction of this instrument to the jury, but should have construed it for them and directed them how the account should be stated, for certainly the failure of the plaintiff to make out and present to the defendant a statement showing a balance that was correct under the agreement did not authorize the defendant to repudiate it.

This agreement was a settlement of all accounts between the parties at the time it was made, and must be enforced by the court as such. It dealt directly with all the matters that were in dispute, and provided for their adjustment, but in every respect were these solemn adjustments disregarded by the jury under the direction of the court, that "if the correct balance due Heidenheimer remains undetermined, and the account presented by Heidenheimer did not show such correct balance, Baumgarten was not liable to pay the amount or balance claimed by Heidenheimer, and the object of the agreement concerning this settlement is defeated, the terms thereof having ceased to be binding upon the parties thereto, and the accounts between the parties are now to be determined by you from the evidence before you, and without reference to said compromise agreement."

The agreement furnished the rule for the ascertainment of the correct balance, and the jury should have been so instructed; and instead of submitting the construction of the contract to the jury and requiring them to answer special issues, they should have been required to find the balance due after making the deductions and allowances as stipulated by the parties.

There is no evidence that authorized the submission to the jury of the item of $3574.39, due to the defendant by the Howard Oil Company. If Heidenheimer had received the money and failed to account for it, he would be liable therefor, notwithstanding the fact that the defendant could not maintain an action against the Howard Oil Company therefor, for the reason, that his contract with that company was void as in restraint of trade; but there is not a particle of evidence that Heidenheimer ever received the money or was in any way responsible therefor.

The instructions requested by the appellant, to the effect that the appellee was estopped by the statement of the account made out by the latter in response to the statement submitted by Heidenheimer, and that plaintiff should at least have judgment for the balance therein admitted to be correct, were properly refused; for, while the defendant

was bound by his contract for settlement, yet he was entitled to have the correct balance ascertained in accordance therewith, and if either party should make a mistake in his statement, it would be proper to correct it. The statements furnished by the parties would be admissible in evidence upon the general issue, but not to conclude them. In this connection we take occasion to say, that if the item charged to the defendant as one-half of the loss in refining the oil mentioned in the agreement is not correct, the fact may be shown, although the defendant may have included it in his statement; and if the cost of refining was reduced by the sale of soap stock, it would seem that defendant should have it deducted; but this is a matter for the jury to determine in ascertaining the loss in refining.

Our construction of the agreement for settlement entered into between the parties renders it unnecessary to pass upon many of the assignments of error; and the issue made on the trial below of the sale of the output of the oil of defendant's mill at 27 cents a gallon, loose at the mill, in the light of the contract becomes irrelevant, as this matter was settled by the agreement. This and other issues of fact, as that with regard to the Buescher oil, need not therefore be considered.

The answers of the jury in response to the several issues submitted to them by the court are not sufficient to authorize a judgment in favor of the plaintiff, as the balance due him on a statement made in accordance with the contract is nowhere ascertained. The pleadings and the evidence do not authorize a judgment in plaintiff's favor non obstante veredicto, for the amount of balance shown to be due by defendant's statement, for, as before stated, he is not concluded by such admission.

For the reasons given, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 20, 1894.